20

MEI SHU LI, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 06–3970–ag.

United States Court of Appeals,
Second Circuit.

April 19, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Diane L. Marion, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Mei Shu Li, a native and citizen of the People's Republic of China, seeks review of an August 3, 2006, order of the BIA affirming the March 8, 2005, decision of Immigration Judge ("IJ") Gabriel C. Videla denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Shu Li*, No. A97 602 (BIA Aug. 3, 2006), *aff'g* No. A97 602 610 (Immig. Ct. N.Y. City Mar. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337–39 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

As an initial matter, Li has abandoned her claim of ineffective assistance of counsel by failing to raise it in her petition. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

■ Moreover, we conclude that the IJ's finding that Li was not credible is supported by substantial evidence. The IJ properly relied on Li's admission that she knowingly filed a false asylum application accompanied by fraudulent documents. The IJ impugned Li for continuing to assert those fabricated claims at her asylum interview, and for failing to withdraw the fraudulent documents from her application. The IJ concluded that Li only admitted to the fabrications when she was forced to do so, i.e., when counsel received a U.S. Immigration and Customs Enforcement notice regarding her asylum application. The IJ found that Li then went to another attorney and blamed prior counsel for lying to the Court about the accuracy of the application. The IJ reasoned that Li was an educated person, having completed several years of schooling in China, and thus understood the gravity of her actions. These findings were consistent

with Li's testimony. While Li and her new attorney had an opportunity to refute these findings in court, they did not do so.

■ The IJ properly relied on Li's admitted fabrications to support his adverse credibility determination because they go to the heart of her asylum claim. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 308–09 (2d Cir.2003). Indeed, Li's admission called her entire claim into question, leading the IJ to state, "I don't even know who this respondent is before this Court because I have no faith in any of the documents that she submitted." We have recently found that an IJ may rely on false testimony or evidence to discredit other uncorroborated or unauthenticated evidence presented by an asylum applicant. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007); *see also In re O–D–*, 21 I & N Dec. 1079, 1083 (BIA 1998) (BIA found that the presentation of at least one counterfeit document submitted to prove a central element of an asylum claim is indicative of an applicant's lack of credibility). Here, Li's assertions that she did not comply with the Chinese government's vaccination requirements and that the government sought her arrest for harboring North Korean refugees were supported only by her testimony and by unauthenticated documents, which the IJ properly chose not to credit in the face of the fabrications in her asylum claim. In such circumstances, we are "in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence." *Siewe*, 480 F.3d at 170.

While Li explained that she had a change of heart and that she wished to correct her misstatements, the IJ refused to credit her explanation, and found that she admitted to her fabrication only when she realized that "the whole thing's unraveling." Because a reasonable factfinder would not be compelled to credit Li's explanation and find contrary to the IJ's conclusion, the IJ's adverse credibility finding was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang*, 386 F.3d at 73 & n. 7.

While the IJ made additional findings regarding other inconsistencies and implausibilities in Li's testimony, it is unnecessary to review them here. The IJ's reliance on Li's admission that she submitted fabricated documents, that she fabricated portions of her asylum application, and that she testified consistently with those fabrications at her asylum interview, are "specific, cogent reasons" that "bear a legitimate nexus" to the adverse credibility finding. *Secaida–Rosales*, 331 F.3d at 307.

■ Because the only evidence of a threat to Li's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal and relief under CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.